UNIITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BVP VERANDA PLACE, LLC § | | |
|     Plaintiff § | | |
| § | | |
| VS. § | | |
| § | CASE No. _____ |
| RIO GRANDE VALLEY FC TOROS, VIPERS § | | |
| BASKETBALL, LLC D/B/A RGV VIPERS, & § | | |
| LONE STAR FC, LLC § | | |
|     Defendants § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

PLAINTIFF by and through its attorney files this ORIGINAL COMPLAINT.

**A.    PARTIES**

1.    PLAINTIFF, BVP VERANDA PLACE, LLC, is a company that is organized under the laws of the State of Delaware.  PLAINTIFF'S principal place of business in Illinois.  PLAINTIFF'S address is 353 N. Clark Street, Suite 730, Chicago, Illinois, 60654-3453.

2.    DEFENDANT, RIO GRANDE VALLEY FC TOROS ("FC TOROS") is an unincorporated business entity.  DEFENDANT, FC TOROS, member is Bert Garcia.  Bert Garcia is a citizen of Texas. DEFENDANT, FC TOROS, may be served with process, pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), by serving its President, Bert Garcia, at 4500 North 10th Street, Suite 315, McAllen, Texas 78504.  PLAINTIFF requests that the Clerk prepare Summons pursuant to Federal Rule of Civil Procedure 4.  PLAINTIFF will serve process via personal process server.

3.    DEFENDANT, VIPERS BASKETBALL, LLC D/B/A RGV VIPERS, is a limited liability company incorporated under the laws of the State of Texas. DEFENDANT, RGV VIPERS, has its principal place of business in Texas.  DEFENDANT may be served with process by serving its registered agent, Alonzo Cantu, at 5221 North McColl Road, McAllen, Texas 78504. PLAINTIFF requests that the Clerk prepare Summons pursuant to Federal Rule of Civil Procedure 4. PLAINTIFF will serve process via personal process server.

4.      DEFENDANT, LONE STAR FC, LLC, is a limited liability company incorporated under the laws of the State of Texas.  DEFENDANT, may be served with process by serving its registered agent, Alonzo Cantu, at 5221 N. McColl Road, McAllen, Texas 78504. PLAINTIFF requests that the Clerk prepare Summons pursuant to Federal Rule of Civil Procedure 4.  PLAINTIFF will serve process via personal process server.

### B.     JURISDICTION

5.      This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens from different U.S. states, and the amount in controversy exceeds $75,000, excluding interests and costs.

### C.     VENUE

6.      Venue is proper in this district under 28 U.S.C. §1391(b)(1) because all Defendants reside in this district.  Both Defendants, FC Toros and RGV Vipers, have their principal place of business in, and around, the Rio Grande Valley.   Venue is also proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.  The agreement giving rise to Plaintiff's claims involves real property in Edinburg, Texas which is located in this district.

### D.     CONDITIONS PRECEDENT

7.      All conditions precedent have been performed or have occurred as required by the provisions of the parties' agreement.

### E.     FACTS

8.      On July 30, 2016, Plaintiff and Defendants executed a written contract.  A copy of the contract is attached as Exhibit "A".

9.      The contract provided that Defendants would provide 18 total beds to be occupied by Defendants' employees and/or personnel from August 1, 2016 to July 31, 2017.  The beds were to be provided at Plaintiff's apartment complex called "Veranda Place" located at 941 North Sugar

Road, Edinburg, Texas 78541.  In exchange, Defendants would tender $64,800.00 to Plaintiff.  In addition, Plaintiff promised to provide storage rent for four (4) months to Defendants.  In exchange, Defendants would tender $7,200.00 to Plaintiff.  Therefore the total amount due from Defendants was $72,000.00.  Defendant, Lone Star FC, LLC paid approximately $8,100.00 in August 2016.  Therefore, the outstanding balance owed to Plaintiff is $63,900.00.

## F.   COUNT ONE- BREACH OF CONTRACT

10.   Plaintiff has performed its obligation under the contract.  Plaintiff provided 18 beds to Defendants.

11.   Defendants have not performed their contractual obligations.  Specifically, Defendants have not paid Plaintiff the amount due under the contract.  Defendants' nonperformance is a breach of the parties' contract.

12.   Plaintiff's vacancy rate increased because Defendants did not occupy and pay for 18 beds.  Recently, Plaintiff tried to sell the property to potential buyers.  Plaintiff cannot sell the property without suffering an enormous economic loss because the 18 beds are vacant.  The economic loss to Plaintiff is estimated to be up to $1,000,000.00.

## G.   COUNT ONE- PROMISSORY ESTOPPEL

13.   Defendants made a promise to Plaintiff that Defendants would pay $63,900.00 and occupy 18 beds.

14.   Plaintiff reasonably and justifiably relied on Defendants' promise to Plaintiff's detriment.  Plaintiff did not occupy or pay to lease 18 beds on the property.

15.   Plaintiff's reliance was foreseeable by the Defendants.  Injustice can be avoided only by enforcing the Defendants' promise.

## H.   DAMAGES

16.   As a direct and proximate result of Defendants' breach, Plaintiff suffered the following damages.

    a.    The amount that remains due under the terms of the contract which is $63,900.00

    b.    Loss of value related to the sale of the property. The lost value is equal to approximately $1,100,000.00.

    c.    Reasonable expenses in reliance on Defendants' performance of the contract.

### I.    ATTORNEY FEES

17.    As a result of Defendants' breach, Plaintiff retained an attorney and seeks reimbursement for its reasonable attorneys fees as authorized by Texas Civil Practice & Remedies Code 38.001.

### J.    PRAYER

18.    For these reasons, PLAINTIFF asks for judgment against Defendants for the following:

    a.    $1,163,900.00 for damages resulting from Defendants' breach.

    b.    Reasonable attorney fees.

    c.    Prejudgment and postjudgment interest

    d.    Costs of suit.

    e.    All other relief the Court deems appropriate.

### K.    DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

Respectfully submitted,

By: /s/ Chris R. Brasure
**CHRIS R. BRASURE**
Texas Bar No. 24036257
Federal Bar No. 35224
**BRASURE LAW FIRM, PLLC**
135 Paseo Del Prado, Suite 60
Edinburg, Texas  78539
Tel. (956) 686-3555
Fax (888) 880-9309
chris@brasurelaw.com
 **ATTORNEY-IN-CHARGE FOR PLAINTIFF BVP VERANDA PLACE, LLC**